BARNARD and others *vs.* DARLING.

The pendency of a motion for leave to amend the bill is no objection to a motion for a receiver; provided the defect in the bill is not fatal, or does not render the bill demurrable.

The pendency of a motion to dissolve an injunction is no objection to the appointment of a receiver.

Where a motion is pending in the supreme court to set aside the judgment on which a creditor's bill is founded, this court will direct a motion for a receiver to stand over until the motion to set aside the judgment can be made and decided.

THIS was a motion for the appointment of a receiver in a creditor's suit.

*Allen & Hastings,* for the complainants.

*C. P. Collier,* for the defendant, resisted the application, on the grounds that motions were pending before the chancellor for leave to amend the bill, and to dissolve the injunction; and that a motion to set aside the judgment on which the bill was founded was pending in the supreme court.

The CHANCELLOR decided that it was no objection to the motion to appoint a receiver that a motion for leave to amend the bill was pending; unless the defect in the bill, which was sought to be remedied by amendment, was fatal, or was such as to render the bill demurrable. The chancellor also held that it was no objection to such an application, that notice of a motion to dissolve the injunction had been given. But he directed the motion for a receiver to stand over, until the defendant could have an opportunity to make his motion, in the supreme court, to set aside the judgment, and have it decided.