Fagebank v. Fagebank.

WILHELMINA FAGEBANK, Appellant, vs. HENRY FAGEBANK, Respondent.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

*Rule 43 of the District Court Rules*, in so far as it allows a Defendant in a divorce suit, in case of personal service of the summons and complaint, within the jurisdiction of the court, more than thirty days to answer, is in conflict with the statute, and the time prescribed by the latter must govern.

HENRY HINDS, Counsel for Appellant.

BROWN & BAXTER, Counsel for Respondent.

This was an action for divorce commenced by Appellant against Respondent. The summons and complaint were personally served, and required the Defendant to answer in thirty days. The Defendant moved to set aside and vacate the summons on the ground that it did not conform to *rule 43 of the District Court rules*. The motion was granted, and the Plaintiff appeals from the order entered thereon.

*Rule 43*, above referred to, reads as follows, viz.: "In every action for divorce the summons shall notify the Defendant to appear and answer the complaint within ninety days after the service thereof, and the action shall not be brought to trial until the expiration of said period. Nor, in case the residence of the Defendant is known, shall such action be brought to trial until satisfactory proof shall be made to the Court that a copy of the summons and complaint has been personally served on or brought to the knowledge of such Defendant."

The statute on this subject is as follows, viz.:

" A copy of such complaint must be served upon the Defendant,

Fagebank v. Fagebank.

with a notice to appear and answer to the same within thirty days after service thereof; or such other notice as the court or judge may direct shall be given for such reasonable time as the court or judge may direct."

We think this rule of court above cited is in conflict with the statute, and therefore not authorized by the " act requiring district judges to adopt general rules," &c.   *Sess. Laws of* 1862, *p.* 69. The manifest intent of the statute is, in the language above quoted, to give the Defendant thirty days to answer, in a suit for divorce, when the summons and complaint have been personally served. The " other notice" spoken of, must refer to cases in which personal service of the summons and complaint cannot be had within the State.   This construction seems most natural, and nearest in accordance with the terms of the statute, and gives effect to both clauses of the section.   The language, it is true, is such as to leave the intent of the legislature somewhat in doubt, but we are unable to conclude that the intention was, in all cases, to vest the court or judge with the power of determining the time to answer.   The construction here adopted is in analogy to the practice in other civil actions; and it is difficult to see why so radical a change, as the opposite view would involve, should have been made in regard to this particular action.   And practically it is believed this construction will subserve the ends of justice, and that the time given by statute to answer, in case of personal service, is reasonable and sufficient in ordinary cases.   And, on the other hand, we are at a loss to understand what sound reason can be given for allowing a Defendant, in this particular action, ninety days to answer, (in case of personal service,) when in all other cases he is allowed but twenty.

In cases other than those of personal service the court or judge must direct the notice and fix the time for answering, or when the service shall be deemed complete.   It is urged by Plaintiff that this time cannot be fixed by arbitrary rule, the same in all cases, but a discretion is vested in the court or judge to direct the notice, which must be " reasonable," and which must necessarily depend upon the peculiar circumstances of each case.   The suggestion is

not without weight, but as, in view of the statute above adopted, the question does not necessarily here arise, it is deemed unnecessary to determine it. We here only decide that *rule 43 of the District Court rules*, in so far as it allows a Defendant in a divorce suit, in case of personal service of the summons (or notice) and complaint, within the jurisdiction of the court, more than thirty days to answer, is in conflict with the statute, and the time prescribed by the latter must govern.

The order of the District Court, setting aside the summons, is reversed.