ENOCH C. YOUNG.

*vs.*

MARY E. YOUNG.

The district court for the attached counties of St. Louis, Lake, Carlton and Itasca, being that in which an action for divorce is brought, a complaint therein, entitled of said attached counties, contains the name of the county in which the action is brought as required to do by sec. 11, ch. 62, Gen. St.

It is not necessary that a complaint in divorce should show in what county the plaintiff resides, nor that the adultery upon which the action is founded has not been condoned, nor that it was not committed by the procurement or with the connivance of the plaintiff.

In case of service of a summons by a private person, it is not necessary that the affidavit of service provided for in sec. 53, ch. 66, Gen. St., should state that the person making the service knew the person served to be the defendant, as prescribed by Rule 30, District Court Rules (6 Minn.)

The attorney of record being a notary public is by sec. 4, ch. 26, Gen. St. authorized to take such affidavit of service notwithstanding Rule 5, District Court Rules.

The affidavit of defendant's default of appearance in this case was entitled as follows: "State of Minnesota, St. Louis County, District Court, 7th Judicial District, Enoch C. Young, Plaintiff, against Mary E. Young, Defendant." The jurat had no venue, (unless the above were one) and was as follows, namely: "Sworn and subscribed to before me, this 4th day of May, 1870. (Signed) Albert Armstrong, Clerk District Court, Ramsey County;" the seal of said court being affixed. *Held*, that the presumption is that said clerk, being a public officer, acted within his jurisdiction in administering the oath; that is to say, that he administered the same in Ramsey county, and that the words aforesaid, "State of Minnesota, Saint Louis County," are to be regarded in this case as an

Young v. Young.

imperfect part of the title of the action; and that the absence of a venue is not fatal to an affidavit.

The defendant having made default in this case, a referee was appointed to take the testimony. *Held*, that such appointment is authorized by subd. 2, sec. *192*, ch. *66*, Gen. St.

The judgment in this case being regular in form, and having been rendered by a court of general jurisdiction, if it was essential that the referee should be sworn, the presumption is that he was sworn, until it was made to appear that he was not.

The fact that a complaint is not filed with the clerk on or before the second day of the term at which the action was heard and determined, as provided by sec. 3, ch. 62, Laws 1867, does not affect the validity of a judgment, and has no application in an action not *noticed* for trial.

Appeal by defendant from a judgment or decree of the district court for St. Louis county, in the seventh district, granting a divorce. The case is fully stated in the opinion.

Brisbin & Palmer, for Appellant.

Smith & Gilman and Egan & Billson, for Respondent.

*By the Court.*—Berry, J.—This is an appeal from a judgment or decree dissolving the bonds of matrimony between plaintiff and defendant, and awarding to the former the custody of the minor children of their marriage. The defendant makes several objections to the proceedings in the action, which we will consider in the order in which they are presented.

I. She insists that the complaint does not state facts sufficient to constitute a cause of action, because it does not contain the name of the court in which the action is brought, nor show in what county the plaintiff resides, nor that the alleged adultery was not condoned, or was not committed by the procurement or with the connivance of the plaintiff. The complaint is entitled as follows: " State of Minnesota, district

court, seventh district, counties of St. Louis, Lake, Carlton and Itasca." The title being part of the complaint, (*Gen. St.*, *ch.* 66, § 73,) the counties of Lake, Carlton and Itasca being attached to St. Louis for judicial purposes, (*Gen. St.*, *ch.* 64, § 33,) so that the title is the proper one, (*Laws* 1867, *ch.* 112, § 1,) and the court held for those counties being that in which this action was brought, the complaint in this case does contain the name of such court as required by sec. 11, ch. 62 Gen. St.

It is not necessary that the *complaint* should show in what county the plaintiff resides, (*Ch.* 62 *Gen. St.*, § 11,) the statute only requiring that the *action shall be commenced* in such county (*Ib.* § 10.) Nor is it necessary that the complaint should show that the adultery upon which the action is founded was not 'condoned, or was not committed by the procurement or with the connivance of the plaintiff. These are matters of defence, the allegation of which (under the familiar rule) would properly come from the defendant in the first instance, so that they need not be anticipated in the complaint. 2 *Bishop's Mar. & Div.* (*4th Ed.*) §§ 333, 341 *and cases cited.* See also numerous forms. *Ib.* § 770, *et seq.*

II. Defendant claims that service of the summons and complaint was not duly made and proved, the affidavit of service being insufficient in substance, and being verified before one of plaintiff's attorneys of record. Service in this case was made by a private person. *Section* 53, *ch.* 66, *Gen. St.*, enacts that "proof" of service by a private person, "shall be  *   *  his affidavit." This must mean that his *affidavit* showing that he performed the acts necessary to constitute service under the statute, shall be "proof" of service. The affidavit in this instance was sufficient under the statute, but did not comply with rule 30 of district court rules, (6 *Minn.*) because it did not state that the person making the service knew the person

Young v. Young.

served to be the defendant. Without considering any other objections to these rules, it is enough to say now, that they were valid only so far as not inconsistent with the laws of this state; and the statute having declared an affidavit such as was made in this case sufficient "proof" of service, a rule which required more was inconsistent with such statute, and, therefore, unauthorized. (*See Fagebank vs. Fagebank*, 9 *Minn.* 72.) The answer to the objection that the affidavit of service was sworn to before one of plaintiff's attorneys of record is similar. The attorney was a notary public, and, therefore, under section 4, ch. 26, Gen. St., which confers upon "*each* notary public" power "to administer *all oaths* required or authorized by law to be administered in this state," was empowered to administer the oath in this instance, notwithstanding Rule 5, Dis. Court Rules. See also *Althouse vs. Radd*, 3 *Bosworth*, 434.

III. The affidavit of default in this case is entitled "State of Minnesota, Saint Louis county, district court, 7th judicial district, Enoch C. Young, plaintiff, against Mary E. Young, defendant." The jurat has no venue, (unless the above be such) and is as follows: "Sworn and subscribed to before me this 4th day of May, A. D. 1870, (signed) Albert Armstrong, clerk, district court, Ramsey county," the seal of said court being affixed.

By ch. 62, laws 1868, it is enacted that clerks of district courts "shall have power *within their respective jurisdictions* to administer all oaths, &c." In accordance with the familiar rule the presumption would be that the clerk, being a public officer, acted within his jurisdiction in administering the oath in this case; in other words that he administered the same in Ramsey county. *Barnard vs. Darling*, 1 *Barb. Ch.* 219; *Mosher vs. Heydrick*, 45 *Barb.* 552. From the position which the words "State of Minnesota, Saint Louis county," occupy at the head of this affidavit, they might be regarded (as in *Rahilly*

*vs. Lane*, 15 *Minn.* 447,) as intended to designate the venue or place at which the oath was administered, or they might be regarded as being part (though not perfect) of the title of the action, and as used simply for the purpose of identifying the action to which the affidavit relates. This alternative being open, we are of opinion that the presumption that the clerk acted within his jurisdiction is not overthrown by the doubt or ambiguity in reference to the purpose of the words referred to, but that the doubt is to be resolved (as it may be) in favor of the presumption. This would leave the jurat without any venue. But while it is proper and usual to prefix a venue to an affidavit, and particularly desirable where the officer administering the oath has jurisdiction in more than one county, (since the venue stated is *prima facie* the real venue, *Mosher vs. Heydrick, supra*), we are of opinion that the absence of a venue is not fatal to an affidavit. (*Rex vs. Emden*, 9 *East.* 437.) Such appears to have been the opinion of Chancellor Walworth in *Barnard vs. Darling*, 1 *Barb. Ch.* 219, and in *Parker vs. Baker*, 8 *Paige*, 430. The important thing is that it shall appear that the oath was administered by a person authorized to administer the same. By the aid of the presumption before spoken of, this fact does appear sufficiently for purposes like those for which the affidavit was used in this case. If in case of a prosecution for perjury further proof of authority were required, evidence *dehors* the jurat might be adduced. *Barnard vs. Darling, Parker vs. Baker, Mosher vs. Heydrick, supra, Rex vs. Emden, supra.* In addition to these considerations, it is to be observed that the court in its decree has passed upon the question of default, and has found the default to have been shown.

IV. The defendant contends that the appointment of a referee to take the testimony in the case was void for want of authority on the part of the court below to make the same.

Young v. Young.

Sec. 198, ch. 66, Gen. St., referred to by defendant, has no bearing upon a case (like that at bar) in which there is no *issue* of fact joined. Sec. 14, ch. 62, *Ib.*, also cited by defendant, does not profess to regulate the manner in which the evidence shall be taken in actions for divorce. It simply provides that in case of defendant's default the court shall proceed to *hear and determine* the action at a *general* or *special* term. This does not require the court to take the testimony in the first instance.

The power to appoint a referee in cases like this at bar is clearly given by sub-div. 2, sec. 192, ch. 66, Gen. St.

V.    As a further objection defendant urges that the referee was not duly sworn as required by ch. 72, Gen. St., §§ 1—5. The judgment in this action "being regular in form, and having been rendered by a court of general jurisdiction, is presumed to be valid until the contrary is made to appear." (*Gemmell vs. Rice*, 13 *Minn.* 400.) If then, it was essential to the validity of the judgment that the referee should be duly sworn, the presumption is that he was, until it is made to appear (as it is not in this case) that he was not. *Leyde vs. Martin,* 16 *Minn.* 38.

VI.    Defendant makes the objection that the complaint was not filed with the clerk on or before the second day of the term at which the action was heard and determined, and cites sec. 3, ch. 62, Laws 1867.

This is not, however, an objection which could affect the validity of the judgment, even if the section cited had any application to a case in which there was no appearance by defendant, and which was, therefore, not *noticed* for trial.

VII.    The defendant claims that the testimony having been all reduced to writing, each witness signing and verifying his affidavit, it properly forms part of the judgment roll, and should be considered on appeal for the purpose of determining

whether the judgment is supported by the evidence    We do not desire to be understood as acceding to this position, but in this case it is not necessary to decide upon its soundness.

It appears from the judgment that there was testimony taken before the court, other than that reported by the referee, and there is nothing to show that the whole of such testimony is reported here.    Even if it did not appear affirmatively that there was any other evidence except that reported by the referee, it would not be presumed that there was no other, unless the fact was properly certified.

We see no reason, then, for departing from the familiar rule, that where it does not appear that the testimony is all reported, we cannot inquire whether a verdict, finding or judgment is supported by the evidence.

Judgment affirmed.