[No. 6,297.—Department One.]

# D. M. REAVIS v. HENRY COWELL.

AFFIDAVIT—VENUE—PRESUMPTION.—An affidavit was entitled in the court and cause, and contained the usual jurat and a seal of a notary, but it did not state a venue. *Held*, that the objection of a want of venue cannot be sustained in view of the facts and legal presumption in this case, even if it be true that the want of a venue is in general fatal to an affidavit.

ID.—NOTARY PUBLIC—ATTORNEY.—It is no objection to an affidavit that the notary before whom it is taken is an attorney in the action in which the affidavit is to be used.

PLACE OF TRIAL—AFFIDAVIT.—In an affidavit upon a motion to change the place of trial, stating the names of the witnesses, and that they are material, and stating that they reside in the county, it is not necessary to state that affiant expects to be able to procure their attendance at the trial.

ID.—DISCRETION.—Where the motion is based on the convenience of witnesses, the mere preponderance in the number of witnesses which either party expects to produce does not necessarily determine the order to be made; this is a matter within the discretion of the Court.

APPEAL from an order denying a motion to change the place of trial, in the Second District Court, County of Butte. HUNDLEY, J.

*E. S. Pillsbury*, for Appellant.

*Park Henshaw*, for Respondent.

MORRISON, C. J.:

This action was commenced in the District Court of the Second Judicial District, in and for the county of Butte, and the

defendant, being a resident of the county of Santa Cruz, filed his motion and affidavit to have the case transferred to the county in which he resided, for trial. The motion was opposed by the plaintiff, on the ground that the convenience of witnesses would be subserved by retaining the cause in the county of Butte. The defendant thereupon filed another affidavit, contradicting the affidavit of the plaintiff, and tending to show that the convenience of witnesses would be promoted by the transfer. The Court below denied defendant's motion, and this appeal is taken from the order of the Court refusing to change the place of trial.

On the hearing of the motion, the defendant objected to the reading of plaintiff's affidavit, on the ground that the same was irregular and void, for the following reasons: "1. That there was no venue to the same. 2. That it was taken and verified by and before one of the attorneys of plaintiff in the cause. . 3. That the affidavit was defective, because it did not state that affiant expected to procure the attendance of the persons named therein as witnesses, in the event of the trial being had in the county of Butte." The Court below overruled the objections, and permitted the affidavit to be read by plaintiff.

The first objection to plaintiff's affidavit was, that there was no venue thereto. It appears that at the head of the affidavit appeared the title of the court and cause, which was as follows:

" D. M. Reavis ⎫
        vs.        ⎬
   Henry Cowell. ⎭

" In the District Court of the Second Judicial District of the State of California, in and for the county of Butte."

And the jurat was:

" Subscribed and sworn to before me this 24th day of April, 1878.                                "JAMES B. REEVIS,
   [SEAL OF NOTARY.]                . "Notary Public."

The act regulating notaries requires each notary to keep a seal, upon which must be engraved the arms of this State, the words "Notary Public," and the name of the county for which he is commissioned; and the presumption is, that "official duty has been regularly performed." (Subd. 15 of § 1963, Code Civ. Proc.)

But is the absence of a venue fatal to an affidavit? In the case of *Young* v. *Young*, 18 Minn. 94, the Court says: " But while it is proper and usual to prefix a venue to an affidavit, and particularly desirable when the officer administering the oath has jurisdiction in more than one county, we are of opinion that the absence of a venue is not fatal to an affidavit. * * * The important thing is, that it shall appear that the oath was administered by a person authorized to administer the same. By the aid of the presumption before spoken of, this fact does appear sufficiently for purposes like those for which the affidavit was made in this case. If in case of a prosecution for perjury further proof of authority were required, evidence *dehors* the jurat might be adduced."

In the case of *Barnard et al.* v. *Darling*, 1 Barb. Ch. 176, the statement in the jurat was: " State of New York, —— County " ; and passing upon the sufficiency of the affidavit, the Chancellor held, that there was no validity in the objection to the form of the jurat, as the complainants could be convicted of perjury upon such a jurat, if they had sworn falsely; and that, as the officer before whom the bill was sworn to was duly authorized to administer the oath within the city of Albany, the legal presumption was, that he had not violated his duty by doing it elsewhere.

Proffat, in his work on Notaries, § 52, says : " It is presumed, when no venue is stated, that the affidavit was taken within the jurisdiction of the officer taking the affidavit. So it is held, that the absence of a venue is not fatal to an affidavit, for the important thing is, that it shall appear that the oath was administered by a person authorized to administer the same ; and the omission to state the venue may be aided when the affidavit is offered to be read in legal proceedings, by the presumption that the officer acted within his jurisdiction, and in a prosecution for perjury by proof extrinsic to the paper. This proposition has not been accepted in the New York courts." In view of the facts of this case, aided as they are by the legal presumption, we think the first objection is not well taken, even if it be held that the want of a venue is fatal to an affidavit. The second objection is, that the affidavit was taken before an attorney in the case. Section 2093 of the Code of Civil Procedure provides, that

" every court, every judge or clerk of any court, every justice
and every notary public, and every officer authorized to take tes-
timony in any action or proceeding, or to decide upon evidence,
has power to administer oaths or affirmations."

There is no such limitation found in the act to the power of
a notary as is contended for in this case, and there is nothing in
the rules of the Court, to which our attention has been directed,
prohibiting the notary from administering an oath to, or taking
the affidavit of, his client. In the case of *Kuhland v. Sedgwick*,
17 Cal. 128, the Court says: " We are not aware of any pro-
vision of law making the attorney incompetent to take it " (the
verification of his client). In the case of *Daws* v. *Glasgow*,
1 Burn. 8, the Supreme Court of that State uses the fol-
lowing language: " Although there is an obvious impropri-
ety in the practice, and this Court is much disposed to dis-
countenance it, yet there is no law or rule of Court under authority
of law, against the exercise of such a power by an attorney in
the case." This was a case involving the precise question now
before us.

In the case of *Young* v. *Young*, above referred to, the Court
says: " The answer to the objection, that the affidavit of service
was sworn to before one of the plaintiff's attorneys of record is
similar. The attorney was a notary public, and therefore,
under § 4, ch. 26, Gen Stats., which confers upon ' *each* notary
public power to administer all oaths required or authorized by
law to be administered in this State,' was empowered to admin-
ister the oath in this instance, notwithstanding Rule 5, Dist.
Court Rules."

We are of the opinion, that an attorney who is a notary may
take the affidavit of his client. It is now, and has been for
many years, the practice in this State; and however improper or
reprehensible the practice may be, there is nothing in the law
which prohibits it.

The third objection to the affidavit was, that it was not stated
therein that the affiant expected to be able to procure the attend-
ance of the persons named therein as witnesses at the trial of
the case. It appears from the affidavit of the plaintiff, that the
witnesses, whose names are stated therein, are material witnesses
in the cause, and that they reside in the county of Butte. They

are subject to the process of the courts of that county. Their personal attendance could, therefore, be enforced by subpœna; and we cannot see the necessity of incorporating in the affidavit a statement that the plaintiff expected to procure their personal attendance at the trial. The authorities referred to by the counsel for appellant do not sustain his position.

The last point made on behalf of the appellant is, "that the affidavit of defendant showed a larger number of necessary witnesses residing in the county of Santa Cruz; and the rule is, that the motion should be decided according to the preponderating number of necessary witnesses in one county or the other." We do not understand this to be the rule, but on the contrary, a different rule has been laid down in this State. In the case of *Hanchett* v. *Finch*, 47 Cal. 192, this Court said: "The Court below must necessarily, to some extent, exercise its discretion in such cases, and has a better opportunity than we to determine whether the application is made in good faith, and whether the ends of justice will be best subserved by granting or refusing the motion. The mere preponderance in the number of witnesses on the one side or the other is not necessarily decisive of the application; and unless there is reason to believe that the Court below has abused its discretion, or injustice has been done, we are not inclined to interfere." See also *Hall* v. *The Central Pacific Railroad Company*, 49 Cal. 454.

In this case, we do not see that there was any abuse of discretion, or any injustice done by the Court below, and the order appealed from is therefore affirmed.

ROSS, J., and McKINSTRY, J., concurred.