STATE v. HENNING.

1. An affidavit is not fatally defective because it expresses no venue on its face.
2. Where to an affidavit otherwise sufficient, but expressing no venue, is attached a proper jurat and seal, showing that the oath was administered to the affiant by a notary public, it will be presumed that the notary acted within his jurisdiction.
3. Where, under chapter 50, Laws 1891, such an affidavit is made, and presented by the accused, sufficiently alleging prejudice of the presiding judge of the circuit court, in which a criminal action by indictment is pending, and a change of judges asked for, as provided in said act, it is error for the court to disregard such affidavit and motion, and proceed with the trial.
4. Such act, though permissive in form, must be construed as imperative.

(Syllabus by the Court. Opinion filed Feb. 8, 1893.)

Error to circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

The facts are fully stated in the opinion.

*Julian Bennett* and *Martin Sheldon*, for plaintiff in error.

Where a statute prescribes when terms of court shall be held the judge cannot call and hold a regular term at another date. Watkins v. Wassell, 20 Ark. 410; Suth. Stat. Const. § 325; Myers v. Mitchell, 1 S. D. 249. The proceedings at a term so irregularly called are void. Brumley v. State, 20 Ark. 479; *In re* Juneman, 13 S. W. 783; Doss v. Waggoner, 3 Tex. 515; Hodges v. Ward, 1 Tex. 244; Osgood v. Thurston, 23 Pick. 110; Well's Jur. § 132; State v. Roberts, 8 Nev. 239; Domingues v. Domingues, 4 Cal. 187; Harza v. State, 12 Tex. App. 261; Langhorne v. Waller, 76 Va. 213; Stovall v. Emerson, 20 Mo. App. 322; People v. Sullivan, 21 N. E. 1039; *Id.* v. Bradwell, 2 Cow. 445; Neal v. Shinn, 4 S. W. 791.

The statute providing for a change of venue is mandatory. Shallick v. Myers, 13 Ind. 47; Mendenhall v. Gatley, 18 Ind. 148; Hession v. Pressley, 80 Ind. 494; Clark v. People, 2 Ill. 117; Freleigh v. State, 8 Mo. 206; People v. Yoakum, 53 Cal. 566; Goldsby v. State, 18 Ind. 147; Mershon v. State, 44 Ind. 598; Krutz v. Griffith, 68 *Id.* 444; Seehaver v. Milwaukee, 39 Wis. 409; Bachman v. Milwaukee, 47 Wis. 435; Fatt v. Fatt, 48 N. W. 52. The statute should be construed liberally in favor of the accused. Com. v.

Martin, 17 Mass. 359; Suth. Stat. Const. § 353; Green v. State, 59 Md. 123.

An affidavit does not require a distinct venue from that to which it is attached if the officer taking it conforms to the former venue.   Young v. Young, 18 Minn. 90; Rex. v. Enidem, 9 East, 437; Barnard v. Baker, 8 Paige, 430; Rahilly v. Lane, 15 Minn. 447. The test of the sufficiency of an affidavit is whether or not perjury can be successfully assigned upon it.   Reavis v. Cowell, 56 Cal. 588; Proffat on Notaries, § 52; 2 West. L. M. 588.

*Robert Dollard*, for defendant in error.

KELLAM, J.   The plaintiff in error, having been indicted by the grand jury of Codington county, pleaded not guilty, and, prior to the commencement of his trial, made and presented to the court his affidavit of prejudice on the part of the presiding judge, and upon it moved that he be allowed a trial before a judge other than the judge of the court in which he was so indicted.   The motion was denied.   He was then tried and convicted, and, upon such judgment, brings error to this court.   Chapter 50, Laws 1891, amending section 7312, Comp. Laws, provides that "a criminal action prosecuted by indictment may, at any time before trial is begun, on the application of the defendant, be removed from the court in which it is pending, if the offense charged in the indictment be either a felony or misdemeanor, whenever it shall appear to the satisfaction of the court by affidavits, or if the court should so order by other testimony, that a fair and impartial trial cannot be had in such county or subdivision, in which case the court may order the person accused to be tried in some near or adjoining county, in any circuit where a fair and impartial trial can be had; but the party accused shall be entitled to a removal of the action but once, and no more, and if the accused shall make affidavit that he cannot have an impartial trial, by reason of the bias or prejudice of the presiding judge of the circuit court where the indictment is pending, the judge of such court may call any other judge of a circuit court to preside at said trial.   *   *   *"

It is not contended but that the affidavit was sufficient, and explicit in its allegation of prejudice, but it is claimed that the paper called an "affidavit" cannot be so considered on this argument,

for the reason that, as shown in the abstract, it has no venue, and consequently is not an affidavit. Our statute defines an "affidavit" to be "a written declaration under oath, made without notice to the adverse party," the condition of nonnotice distinguishing it from a deposition. Sections 5278, 5279, Comp. Laws. The abstract in this case says: "The said motion was made upon the affidavit of the plaintiff in error, then presented and filed, as follows: '(Title of the case.) John Henning, being first duly sworn, says: * * * (Signed) John Henning. Subscribed and sworn to before me, this 7th day of July, 1892, by John Henning. Julian Bennett, Notary Public, South Dakota. (Seal.'" Thus, the abstract affirmatively shows that the paper contained the title of the case; that is, it showed the style of the court, and the county in which the action was pending, as well as the names of the parties. And. Law. Dict. tit. "Title." It affirmatively shows that the paper was signed by the plaintiff in error, and that an oath as to its truthfulness was administered to him by a notary public. Such officer has authority to administer oaths in any county in the state. Section 494, Comp. Laws. Section 487 would seem intended to limit the jurisdiction of a notary public, in respect to the administration of oaths, to his own county, but said section 494 is a later enactment, and must prevail. It was not material to the character of the instrument as an affidavit that it show in what county the oath was so administered. It doubtless is desirable and convenient for many purposes that an affidavit so show, but we do not think it is indispensable. The important fact is that an oath was administered, by an authorized officer, and within his jurisdiction. The paper in question shows upon its face that upon a certain day it was signed by the affiant, and that an oath that it was true was administered to him by a notary public, who certified and attached his seal to the same. It would not be presumed against the validity of the affidavit that such notary had attempted unlawfully to exercise official functions outside the state, but the presumption would be the other way, and in favor of his official act; in other words, that he administered the oath in some county within the state. In Reavis v. Cowell, 56 Cal. 588, a paper like the one before us was held a good affidavit, because

the court would presume in favor of the validity and regularity of the official act of the notary. In Young v. Young, 18 Minn. 90, (Gil. 72,) an affidavit was challenged upon the same ground as the one now being considered. It purported to have been sworn to before the clerk of the district court of Ramsey county, but, as intimated, had no venue. It was held good, the court saying: "In accordance with the familiar rule, the presumption would be that the clerk, being a public officer, acted within his jurisdiction in administering the oath in this case; in other words, that he administered the same in Ramsey county.   *   *   *   But while it is proper and usual to prefix a venue to an affidavit, and particularly desirable where the officer administering the oath has jurisdiction in more than one county, since the venue stated is *prima facie* the real venue, (Mosher v. Heydrick, 45 Barb. 552,) we are of opinion that the absence of a venue is not fatal to an affidavit. Rex v. Emden, 9 East, 437   *   *   *   The important thing is that it shall appear that the oath was administered by a person authorized to administer the same. By the aid of the presumption before spoken of, this fact does appear sufficiently for purposes like those for which the affidavit was used in this case. If, in case of prosecution for perjury, further proof of authority were required, evidence *dehors* the jurat might be adduced." This case was cited approvingly in Mercantile Co. v. Glen (Utah,) 21 Pac. Rep. 500, the court saying: "A writ of attachment was granted   *   *   *   and it is urged on appeal that it was void, because the affidavit on which it was granted was defective, in that it had no venue, and did not comply with the requirements of the Code. We have carefully examined the objection raised, and have reached the conclusion that the writ would not be defective even if the affidavit had, as is claimed here, no venue." In Goodnow v. Litchfield, 67 Iowa, 691, 25 N. W. Rep. 882, where an affidavit bore the caption, "State of Iowa, County of Webster," but appeared to have been sworn to before a notary public in Dubuque county, it was held that it must be presumed, in the absence of other evidence, that the notary took the affidavit within his own county. In Barnard v. Darling, 1 Barb. Ch. 76, the statement of the jurat was, "State of New York, ——— County;" and, passing upon the sufficiency of the affi-

davit, the chancellor held that there was no validity in the objection to the form of the jurat, as the complainants could be convicted of perjury upon such a jurat if they had sworn falsely, and that, as the officer before whom the bill was sworn to was duly authorized to administer the oath within the city of Albany, the legal presumption was that he had not violated his duty by doing it elsewhere. Proffot, in his work on Notaries, (section 52,) says: "It is presumed, when no venue is stated, that the affidavit was taken within the jurisdiction of the officer taking the affidavit. So it is held that the absence of a venue is not fatal to an affidavit, for the important thing is that it shall appear that the oath was administered by a person authorized to administer the same, and the omission to state the venue may be aided, when the affidavit is offered to be read in legal proceedings, by the presumption that the officer acted within his jurisdiction, and, in a prosecution for perjury, by proof extrinsic to the paper." Perhaps a fair test of the sufficiency of an affidavit, both as to form and matter, is whether or not upon it perjury may be predicated. The authorities above cited do not seem to leave such question in doubt, and we do not perceive any persuasive reason for holding that an affidavit otherwise sufficient, but with no venue expressed on its face, is for that reason not an affidavit, but a nullity. It has been so held in New York, but our attention has not been called to a similar holding outside that state. Such a paper would seem to meet our statutory definition of an "affidavit." It is a declaration; it is in writing; and it is under oath.

Holding the affidavit good, we next consider its effect. It will be observed from the section of the statute quoted that, if it appear to the satisfaction of the court that for any reason the defendant cannot have a fair and impartial trial in the court where the action is pending, the court may order the defendant tried in some other county; and if the accused make affidavit that he cannot have a fair and impartial trial, on account of the prejudice of the judge of the court in which the indictment is pending, then that the judge of said court may call some other circuit judge to preside at said trial. We think, under this statute, the affidavit being sufficient, the defendant could not be tried before the judge

in whose court the action was pending, and concerning whom the affidavit alleged prejudice. The permissive word "may" is used; yet it could hardly be tolerated that, after it was proved "to the satisfaction of the court" that the accused could not have a fair and impartial trial in such court, it was still intended to leave it discretionary with such court to try him, or not, under such manifestly unfair conditions. This would obviously very often defeat the very purpose of the statute, and in such cases "may" is construed to be imperative. Suth. St. Const. 460. Such statutes as the one before us, though permissive in form, have been held mandatory. Goldsby v. State, 18 Ind. 148; Jones v. Railroad Co., 36 Iowa, 68; State v. Neuner, 49 Conn. 232. It is possible that the "may" in the second provision of the section, where the ground is the prejudice of the judge, gives the court the latitude of sending the case to another circuit for trial, or of calling another judge; but, however this may be, we are of the opinion that, after the accused had made and presented his affidavit as provided in the statute, the court erred in requiring him to go to trial without change either of judges or place of trial. This makes it unnecessary to examine other questions raised. The judgment of the circuit court is reversed, and the case remanded for further proceedings according to law. All the judges concur.