Kincaid v. Griffith.

WILLIAM  C. KINCAID, Respondent, v. AMANDA GRIFFITH, Appellant.

St. Louis Court of Appeals, January 21, 1896.

1. Justices' Courts: REVIVAL OF JUDGMENT: REQUISITES OF AFFIDAVIT.    It is essential to the revival of the judgment of a justice of the peace that all jurisdictional facts should appear from the affidavit, or statement verified by affidavit, which is filed by the judgment creditor, and, accordingly, that it should appear from such affidavit or statement that the justice before whom it is filed, or his predecessor in office, rendered the judgment sought to be revived.

2. ———: ———: AMENDMENT OF AFFIDAVIT.  But such affidavit or statement may, if defective in this respect, be amended; and such amendment may be made in the circuit court, when that court has jurisdiction of the proceeding by appeal.

3. ———: ———: VENUE OF AFFIDAVIT.  Semble, that the failure of the affidavit to state a venue does not invalidate it.

4. Practice, Appellate: ABSTRACT: FILING OF BILL OF EXCEPTIONS. It is not essential that the abstract of the appellant should set forth an order for the extension of the time for the filing of his bill of exceptions.   The general recital therein, that the bill of exceptions was filed within the time required, will suffice in the absence of a counter showing by the respondent.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

  *George W. Emerson* and *Fagg, Ball & Hicks* for appellant.

  *A. W. Stewart* and *J. D. Hostetter* for respondent.

BOND, J.—This suit was brought before a justice to revive a judgment for $49.50.   It was appealed to

the circuit court, and, on a trial there, the court, over defendant's objection, permitted plaintiff to read the following affidavit:

"WILLIAM C. KINCAID, Plaintiff,  
        v.  
"AMANDA GRIFFITH, Defendant. }

"Judgment before James P. Dickinson, justice of the peace, for plaintiff, rendered on the twenty-eighth of January, 1888, for $49.50, against defendant.

"William C. Kincaid, the plaintiff, being sworn, on his oath says that no part of said judgment has ever been paid to the plaintiff, or to any other person legally authorized to receive it, and that the sum of forty-nine dollars and fifty cents ($49.50), with the interest thereon, is still due and unpaid upon said judgment. Plaintiff, therefore, asks that said judgment be revived and that execution issue thereon for the amount.

    (Signed)                  "W. C. KINCAID.

"Subscribed and sworn to before me this the fifteenth day of March, 1895.

                        "E. B. OMOHUNDRO,  
                            "Justice of the Peace."

Against defendant's objection to the reception of any testimony, on the ground that the affidavit, *supra*, conferred no jurisdiction on the justice's court, the circuit court permitted plaintiff to adduce evidence tending to show that, in 1888, James P. Dickinson was a justice of the peace for Cuivre township, Pike county, Missouri, and that one Omohundro was his successor, through an intermediary, at the date of the above affidavit. A verdict and judgment were rendered for plaintiff, from which defendant appeals to this court, and assigns as error the admission in evidence of the above affidavit.

This assignment is well taken. The jurisdiction of justices of the peace is limited to the county for which they are elected or appointed. R. S. 1889, secs. 6125–6130. Outside of their territorial jurisdiction they have no authority to take affidavits or administer oaths. R. S. 1889, sec. 7117. In exercising the power to revive judgments, they are confined to the terms of the statutory grant. The statutes regulating their jurisdiction in this respect are as follows:

"SEC. 6291. To enable a plaintiff or his legal representative to revive any such judgment, he or they shall cause to be filed an affidavit with the justice of the peace before whom the judgment was rendered, or his successor in office, stating that no part of such judgment has ever been paid, or if any part thereof has been paid, stating how much, and the balance due on such judgment.

"SEC. 6292. Upon the filing of the affidavit, it shall be the duty of the justice to cause a citation to be served upon the defendant, commanding him to appear before said justice at a time not less than ten nor more than thirty days from the issuing thereof, and show cause, if any he has, why such judgment shall not be revived."

It is apparent from these two sections that the power to issue the citation therein authorized is conditioned upon the filing, before the justice who rendered the original judgment, or his successor in office, of an affidavit containing the statements prescribed in the first section. It is but a corollary to this proposition that, unless a valid affidavit to that effect is filed, the justice can have no jurisdiction, as his jurisdiction in these cases is special and the facts giving him jurisdiction must appear either in the affidavit or in the statement to which the affidavit is annexed. *Ewing v. Donnelly*, 20 Mo. App. 6; *Karnes v. Alexander*, 92 Mo.

660; *Hessey v. Heitkamp*, 9 Mo. App. 36.    Neither the statement nor the affidavit in this case did show that the judgment sought to be revived was rendered before the predecessor of the justice, and hence did not show necessary jurisdictional facts.    A further objection was made to the affidavit that it did not show any venue, and hence it did not affirmatively appear that the jurat was administered by the justice within the county of Pike.    While this objection is technical and under the weight of authority is not tenable (*Perkins v. Collins*, 3 N. J. Eq. 482; *Parker v. Baker*, 8 Paige, 428; *Mosher v. Heydrick*, 45 Barb. 549; *Reavis v. Cowell*, 56 Cal. 588; *Young v. Young*, 18 Minn. 90), yet there is an intimation in the decision of the Kansas City court of appeals in *Barhydt v. Alexander*, 59 Mo. App. 188, which, *arguendo*, holds that it is well taken.

The judgment, therefore, must be reversed; but as, under the liberal ruling prevailing in this state, statements filed before justices of the peace may be amended even in the circuit court on appeal and as to jurisdictional matters, and as sufficient appears in the original statement in this cause to show that it was intended to be brought before the successor of the justice who rendered the original judgment, although such fact is not alleged in the affidavit or statement (*Dowdy v. Wamble*, 110 Mo. 280), the cause will also be remanded.

It is, however, insisted by respondent that the judgment should be affirmed, because appellant's abstract does not set out the specific order of the court extending the time for filing of the bill of exceptions. The abstract contains the following recital:

"The appeal was duly granted and the bill of exceptions filed within the time required, whereupon appellant prayed to sign and seal the same and make it

a part of the record, which was done on the twenty-fifth day of September, 1895.

"REUBEN F. ROY, Judge."    [SEAL]

This general statement in the abstract was sufficient in the absence of any contrary showing by respondent. The result is that the judgment in this case will be reversed and the cause remanded.   All concur.