Hurlbut, J.,
delivered the opinion of the court.
Action under sec. 255, Mills’ Annotated Code, to quiet title to land in Kit Carson county. The complaint *221 was filed October 3rd,, 1908, and contained the usual averments in actions of this character. The answer denied plaintiff’s title, and pleaded a paramount title in defendant under and by virtue of a decree of the county court of Kit Carson county, wherein said court quieted the title to the disputed premises in defendant’s grantor. Plaintiff deraigned title from one or more of the defendants in said county court suit.
The abstract of title is very meagre, but it appears that, at the trial stipulations were filed admitting the fee simple title to be in plaintiff unless the evidence should show a paramount title in defendant. No evidence was introduced except the stipulations and exhibit No. 3, consisting of judgment roll, files and pleadings in the county court ease above referred to.
The only point relied on by appellant is that discussed in his brief concerning the affidavit of publication filed in the county court. The county court decree was based upon constructive service of summons. Appellant contends that the county court obtained no jurisdiction over the defendant named in the decree, because, as claimed, the affidavit shows on its face that the notary public before whom the same was subscribed and sworn to was not authorized under the law to take the oath of affiant. The affidavit is not challenged upon any other ground. The caption reads as follows:
“State of Colorado,
“Kit Carson County, ss. In the County Court.
“John Keegan et al.”
The jurat reads as follows:
“Subscribed and sworn to before me this 29th day of May, A. D. 1894. C. Leon McKesson, Notary Public.”
The seal of the notary reads as follows:
“C. Leon McKesson, Notary Public, El Paso County, Colorado.”
*222 It will be observed from the foregoing that the cap'tion reads “Kit Carson County,” while the jurat shows the affidavit was executed before a notary public of El Paso county. Appellant claims this showing makes the affidavit void, while appellee argues that the caption does not fix the venue of the affidavit but only designates the state, county and court in which the action is brought, and does not nullify the jurat. There is no showing by the record that the notary public, as a matter of fact, swore affiant to the affidavit in the county of Kit Carson. No presumption can be indulged in, that because the caption lays the action in Kit Carson county, it necessarily follows that the affidavit was executed in that county. There can be no question but that an affidavit of publication may be sworn to in any county before any officer qualified to administer oaths in that county. Although there are some decisions to the contrary, the weight of authority approves of the rule that when an affidavit shows on its face that it was sworn to before a notary public whose official duties are limited to the county of his appointment, it will be presumed that' such notary conformed to the law and performed the official act within his proper jurisdiction. In other words, it is always presumed that a public official will not violate the law in exercising' the functions of his office. Such presumption will continue until the contrary be shown by competent proof. In the case of Tucker v. Tucker, 21 Colo. App., 94, 121 Pac., 125, the facts were in close relation to those of the ease at bar. In that case the caption of the affidavit laid the venue in the county court of Clear Creek county, Colorado. The jurat was as follows:
“Subscribed and sworn to before me this 19th day of December, 1905. Cora M. Hansel, Notary Public. My commission expires December 3, 1909. ’ ’
The notary’s seal was attached, but what is shown *223 by its impression does not appear. Immediately following the jurat is a certificate of the clerk of the United States court for the western district of Indian Territory, • showing that Cora M. Hansel was, at the time she took . the affidavit, a fully qualified notary public, with authority to administer the oath within said district. The validity of the affidavit was challenged for substantially the same reasons urged against the affidavit before us, but the court held the same to be sufficient. Judge King, in speaking for the court, said:
“Appellant insists that the verified claim is fatally insufficient, in that it appears upon its face that it was sworn to in Colorado by a notary public of the Indian Territory. The venue laid in the caption of the claim is that of the court in which the estate was being administered. The official certificate to the capacity of the notary public shows that the notary public was duly authorized to act as such in Indian Territory, and, in the absence of evidence to- the contrary, the presumption is that the notary acted within her territorial jurisdiction. * * * The venue of the court as given upon the claim filed is not such evidence as overcomes the presumption.”
Like rulings were announced in Crosier v. Cornell S. Co., 34 Hun (N. Y.), 215; Young v. Young, 18 Minn., 90; Parker v. Baker, 8 Paige Ch. (N. Y.), 427; State v. Henning, 3 S. D., 492; Dennison v. Story, 1 Ore., 272.
Appellant asserts that the absence of a venue from an affidavit is fatal. We think the weight of authority is the other way. In Young v. Young, supra, the court says:
“But while it is proper and usual to prefix a venue to an affidavit * * * we are of the opinion that the absence of a venue is not fatal to an-affidavit. * * * The important thing is that it shall appear that the oath was administered by a person authorized to administer the same.”
*224 To tlie same effect: Cox v. Stern, 170 Ill., 442; Avery v. Good, 21 S. W., 815; Teutonia L. & B. Co. v. Turrell, 19 Ind. App., 469.
In the last cited case the form of the affidavit under discussion was quite similar to the one before us, and the objections there urged were practically the same as those pressed in the case at bar. The following excerpt is taken from that opinion, viz:
“It is true that the affidavit at the beginning would purport to have been made in Marion county, Indiana, but the words at the beginning, are no more controlling than those at the close where the officer designates his jurisdiction.”
In the light of the authorities cited we do not think the affidavit of publication before us can be said to be fatal as a basis for the decree in question. The caption fixes the venue of the action, which is followed by a statement of the affiant embodying everything required by statute to give jurisdiction to the court over defendant not personally served. Then follows the jurat showing that affiant subscribed and made oath to the affidavit before a notary public of El Paso county. Appellant asserts that if it be held that the affidavit was sworn to in El Paso county on the same day the order of publication was made in Kit Carson county, it would demonstrate an impossibility. We are unable to make any such deduction. The court will take judicial cognizance of the geographical location of the counties of this state, the location of the various cities and towns within its boundaries. El Paso and Kit Carson counties are in the same judicial district, and the county seats thereof are connected by railroad lines. A few hours at the most would enable one to journey from one county seat to the other.
As to appellant’s objection to the affidavit of publication, as being a collateral attack upon the county court *225 decree, our supreme court has held that an affidavit for publication of summons is jurisdictional and that if it appears by the record that the affidavit fails to contain the matters required by statute to be stated therein, then the court is without jurisdiction of the person, and the decree or judgment founded thereon may be attached collaterally at any time. Empire R. & C. Co. v. Coldren, 51 Colo., 115.
We discover nothing in the record to overthrow the presumption expressed, or which tends to show that the affidavit was not properly before the court in Kit Carson county when the order of publication was made. -

Judgment Affirmed.