## SNELL *v.* ECKERSON.

Where in a suit commenced by attachment, the petition was addressed to the district court of the proper county, and the affidavit for the writ attached to the petition was signed by the affiant, and certified as follows : "Subscribed and sworn to before me, this 26th day of February, 1858, II. B. M., J. P.;" and where it was urged that it did not appear *where* the affidavit was made ; *Held*, 1. That the presumption was, that the justice administered the oath within the proper county ; 2. That the failure to set out more definitely the county and state where the oath was administered, was an omission which could not materially prejudice the appellant.

A party cannot be made liable for money paid to his use, unless his request to pay the money, is proved by other evidence than that furnished by the books of the plaintiff.

Where in an action to recover for goods, wares and merchandise, sold to defendant, and for money paid for him to the firm of H. & Co., the plaintiff offered in evidence his book of original entries, to show the payment to H. & Co., which book contained an item as follows , "May 17, 1857. To amount paid H. & Co. $45 35 ;" and then offered the books of H. & Co., without any proof of authority by defendant to plaintiff to pay the same ; and where the defendant objected to the admission of the books of H. & Co., without first showing some authority to plaintiff to pay the same, or an assignment of the account, in some other manner than the charge on the plaintiff's books, which objection was overruled, and the evidence admitted ; *Held*, That the court erred in admitting the evidence.

*Appeal from the Hamilton District Court.*

TUESDAY, APRIL 12.

PLAINTIFFS brought their action to recover for goods, wares and merchandise sold to defendant, and for an amount paid for him to the firm of Hancock & Co., as shown by bill of particulars annexed. The bill of particulars contains a number of items, the last one being "May 17, 1857. To amount paid Hancock & Co., $45,35." The defendant answered, denying all the matter contained in the petition ; denying any indebtedness to Hancock & Co., and any payment to them by plaintiffs, or if made, that it was without his knowledge, authority or request. An attachment was

issued, and motion made to dissolve the same, which was overruled. The questions made in this court, relate to the motion to dissolve, and the introduction of certain books of account, to prove the item of $45 35. Judgment for plaintiffs, and defendant appeals.

*Hull & Dennison*, for the appellant.

*J. A. Kasson* and *D. O. Finch*, for the appellee.

WRIGHT, C. J.—The objection made to the affidavit for the attachment, so far as urged in argument, is, that it does not appear that the justice before whom the petition was sworn to, was an officer within this state, nor does it appear where the affidavit was made. The first part of this objection was not made in the court below, and is, therefore, not considered here.

The affidavit attached to the petition, is signed, and then follows these words: " Subscribed and sworn to before me, this 26th day of February, 1858. H. B. Martin, J. P." The petition is entitled, and directed to the district court of Hamilton county, Iowa, and all the proceedings run in the name of said state. The presumption is, that the justice administered the oath within the proper county. Code, section 2512. The failure to set out more definitely, the county and state where the oath was administered, was an omission which could not, under the circumstances, be so material as to prejudice the appellant, and was therefore properly disregarded. Section 1758.

The bill of exceptions recites, that plaintiffs " offered in evidence his book of original entries, to show the payment of the account to Hancock & Co., for the defendant, and then offered the books of Hancock & Co., without any proof of authority by defendant to plaintiffs, to pay the same, except the charge of money paid on the books of plaintiffs, and defendant objected to the admission of the books of H. & Co., without first showing some authority to

plaintiffs to pay said indebtedness, or an assignment of the account, in some other manner than the charge on the plaintiffs' books." The objection was overruled, and the evidence admitted.

Defendant could not be made liable in this action, for the item of $45 35, unless his request to plaintiffs to pay the same, was proved by other evidence than that furnished by the books. 2 Smith's Lead. Cases, 349, 372; 1 Greenl. Ev., section 118, note 1; *Hagge* v. *Veiths*, *ante* 163; *Young* v. *Jones*, *ante* 219; *Sloan* v. *Ault*, *ante* 229. In receiving such evidence, therefore, the court erred, and the judgment is reversed.