## WILLARD v. CRAMER.

1. **Acknowledgment:** BILL OF SALE: RECORDING ACT. An acknowledgment, the certificate of which fails to show the county of the notary making the same, is fatally defective.

2. —— Affixing his seal, upon which the words of the county are engraven, does not cure the defect.

3. —— The recording of a bill of sale or other instrument having an acknowledgment thus defective, does not impart constructive notice.

*Appeal from Monroe Circuit Court.*

FRIDAY, JANUARY 25.

ACTION of replevin for a horse, commenced before a justice of the peace. The value of the horse is alleged to be $75,

and plaintiff claims ownership under a bill of sale executed by one Church, which, it is alleged, was duly acknowledged and recorded. Defendant sets up ownership of the property, and pleads certain matter assailing the validity of the instrument under which plaintiff claims. Judgment was rendered for defendant by the justice; upon a trial in the circuit court, without a jury, on appeal, the defendant again prevailed. Plaintiff appeals to this court.

*Yocum & Robb* for the appellant.

*Stuart Bros. & Andrews* and *W. P. Hammond* for the appellee.

BECK, Ch.. J. — Upon the trial plaintiff offered in evidence a bill of sale or chattel mortgage for the property, under which he claims the ownership. It was not admitted for the reason that the acknowledgment failed to show the county of the notary public making the certificate thereof. That instrument shows the objection to be well founded in fact, but in the seal affixed thereto, impressed in the usual manner, appear the words " Marshall county." The bill of sale was recorded. The plaintiff offered a certified copy of the record to prove that the seal with its proper words appear in the record of the instrument. The evidence was excluded.

Notaries are appointed in and for the counties of the State, and not for the State at large. Rev., §§ 195, 202. Each one, therefore, is properly designated by the county for which he receives his appointment in the same manner that county officers are described, thus " A. B., a notary public for Polk county." This designation is his official style or title. The law requires that the certificate of acknowledgment of a written instrument shall set forth the title of the court or person before whom the acknowledgment was taken. Rev., 2201, 2227. The certificate to the instrument in question, in omitting to give the county, utterly fails to comply with this requirement.

Does the seal supply the omission? The title of the officer is required to be set out in the certificate; the seal is no part thereof. It is not used to correct defects in the instrument to which it is affixed, but to give solemnity to and authenticate it. For these reasons the seal cannot supply the omission in the certificate. *Vance* v. *Schuyler*, 1 Gilman, 160.

Neither does the fact that the seal was recorded help out the matter. If the instrument, on account of the omission, is insufficient, the record would partake of the same character, and could not cure the defect in the original. The record was, therefore, properly excluded from the evidence, as well as the bill of sale itself.

It is not pretended that plaintiff had actual notice of the transaction evidenced by the bill of sale. The instrument, being defectively acknowledged, was not lawfully recorded. The record, therefore, did not impart constructive notice to defendant. Rev., §§ 2201, 2220.

The plaintiff based his right to recover upon the bill of sale; as that was insufficient, the court was required to find for defendant.

Another question involving the jurisdiction of the court arises upon the evidence which shows the property to be worth $150. Plaintiff insists that the objection was waived by agreement of the parties. These questions need not be passed upon, as the point we have just determined is decisive of the case.

                                                    Affirmed.