JOSEPH S. ALBRIGHT *vs.* UNITED CLAY PRODUCTION COMPANY, a corporation existing under the laws of the State of New Jersey.

*Foreign Attachment — Affidavit — Venue — Foreign Corporation, Subject to Process of Foreign Attachment, Although having Agent here under the Statute.*

1. Although the affidavit on which a writ of foreign attachment was issued contains no venue, if it does not show in any way that it was taken without the jurisdiction of the Notary, the presumption of law is that it was taken within his jurisdiction, and it will not be void from the absence of venue.

2. A corporation organized and existing under the laws of another State is subject to the process of foreign attachment of this State notwithstanding it has complied with the act entitled "An Act in Relation to Foreign Corporations doing Business in this State," authorizing and requiring them to designate some agent upon whom process could be served.

*(December 14, 1904.)*

LORE, C. J., and GRUBB, J., sitting.

*J. Frank Ball* for plaintiff.

*C. W. Smith* for defendant.

Superior Court, New Castle County, November Term, 1904.

FOREIGN ATTACHMENT CASE (No. 62, November Term, 1903). Rule to show cause why judgment should not be opened and vacated.

The affidavit on which the writ was issued was in the following form:

" In the Superior Court of the State of Delaware, in and for New Castle County.

"Joseph S. Albright  
          *vs.*    } Bail $2500.00  
United Clay Production Co.

" A corporation organized and existing under the laws of New Jersey.

" And now to wit: This twenty-second day of October, A. D. nineteen hundred and three, personally appears before me, Clifford V. Mannering, a Notary Public for the State of Delaware, Joseph S. Albright, a credible person, who, being by me duly sworn according to law, deposes and says that he is the plaintiff in the above stated case, that the United Clay Production Company, the defendant in the above stated case, is a corporation not created by or existing under the laws of the State of Delaware and is justly indebted to the said plaintiff in the sum of money exceeding fifty dollars, to wit, the sum of twelve hundred and fifty dollars.

"JOSEPH S. ALBRIGHT.

" Sworn and subscribed to before me the day and the year first above named.

" CLIFFORD V. MANNERING.<br>*Notary Public.*

" CLIFFORD V. MANNERING
        *Notary Public.*
    Appointed Feb. 21, 1901
        State of Delaware,
            Term 4 years.

" Commission recorded in Deed Record Y O-18-384. No restriction."

Special appearance by defendant's attorney to move to set aside the judgment and inquisition thereon and to quash the writ of foreign attachment and the execution issued on said judgment for the following reasons :

*First.* That the alleged affidavit of the above named plaintiff, which was filed in said action and upon which said writ of foreign attachment was issued, is insufficient, illegal and void because it wholly fails to state or aver at what place the said

supposed affidavit was made, or sworn to, or to lay any venue for the same.

*Second.* That when said writ of foreign attachment was issued, the said defendant was not subject to the process of foreign attachment, because in compliance with an act of the General Assembly of the State of Delaware, entitled, "An Act in Relation to Foreign Corporations Doing Business in this State," approved March 23, A. D. 1903, the said defendant did on or about the thirteenth day of April, A. D. 1903, filed in the office of the Secretary of State of the State of Delaware, a certified copy of its Charter or Certificate of incorporation, and the name of its authorized agent for this State, which said agent is the Delaware Trust Company, a corporation of the State of Delaware, and did also file in said Secretary's office a sworn statement of its assets and liabilities, and did pay to said Secretary of State for the use of the State the sum of fifty dollars, and the said Secretary of State did deliver to said agent his certificate under the seal of his office of filing of such charter.

LORE, C. J. :—In the case of Joseph S. Albright vs. United Clay Production Company, a corporation organized and existing under the laws of New Jersey, being a rule to show cause why the judgment should not be opened and vacated, two grounds were presented and argued before the Court. The first was that the affidavit on which the writ of foreign attachment was issued contained no venue and was therefore void. We have examined the affidavit, and while it does not show venue, it does not show in any way that it was taken without the jurisdiction of the Notary, and the presumption of law would be therefore that it was taken within his jurisdiction, and it would not be void from the mere absence of venue.

As to the second ground,—that when said writ of foreign attachment was issued the said defendant was not subject to process of foreign attachment because he had complied with the act of the

General Assembly of the State of Delaware entitled " An Act in Relation to Foreign Corporations Doing Business in this State," authorizing and requiring them to designate some agent upon whom process could be served; we do not think that the Statute referred to deprives the creditor of the right to attach any property that he may find within the jurisdiction of this State.

For these reasons we discharge the rule.

Rule discharged.