# CHARLESTON

### HANSFORD *v.* SNYDER.

### Submitted June 17, 1907.   Decided December 10, 1907.

1. AFFIDAVITS—*Sufficiency.*
     An affidavit which, after the title of the case, has the venue, "State of West Virginia, Tucker-county, to wit," sufficiently shows that the notary is a notary of Tucker county and administered the oath in that county. (p. 200.)

2. BILLS AND NOTES—*Action—Plea—Necessity of Affidavit.*
     In an action of debt on a promissory note, an affidavit being filed with the declaration as authorized by Code, chapter 125, section 46, the clerk cannot receive an issuable plea in bar at rules without the affidavit of the defendant required by section 46. Though he does receive such plea, and omits to enter judgment against the defendant, and no plea is filed by leave of the court at the first term, no plea can be filed by the defendant thereafter, but the plaintiff has right to have judgment recorded by the court for his demand. (p. 200.)

Error to Circuit Court, Randolph County.

Action by L. Hansford, trustee, against Sampson Snyder. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

C. H. SCOTT, for plaintff in error.

JARED L. WAMSLEY and J. F. HARDING, for defendant in error.

BRANNON, JUDGE:

L. Hansford, trustee, brought debt in the circuit court of Randolph county against Sampson Snyder on a promissory note for $500. He filed with the declaration the affidavit reqired by Code, chapter 125, section 46. The declaration was filed at rules, and at the first rules a conditional judgment was entered. At the next rules the defendant filed pleas of *nil debet* and payment, and the clerk set the case for hearing, entering no judgment against the defendant, as required by Code, chapter 125, section 45. No affidavit contesting the plaintiff's affidavit as to the amount due was filed by the defendant. No action whatever in the case appears at the first term of court after the rules. At the second term the defendant asked to withdraw the pleas filed at rules and substitute others of *nil debet* and payment accompanied by an affidavit denying that there was anything due the plaintiff, and moved the court to set aside the proceedings at rules, and the court allowed the pleas `filed at rules to be withdrawn, and set aside and corrected "accordingly" the rule proceedings, not saying what proceedings or how corrected. We must presume the correction was to conform to law, as that, though not essential, would be proper. The plaintiff objected to the filing of the new pleas and moved for judgment, and the court took time to consider. At the next term the defendant moved the court to quash plaintiff's affidavit for defects on its face, and objected to judgment for the plaintiff, and the court overruled the motion to quash the plaintiff's affidavit, rejected the defendant's pleas, and entered judgment for the plaintiff's demand. I should have stated that a demurrer to the declaration was overruled.

Demurrer to the declaration: The declaration states that Hansford is trustee in a deed of trust made by J. H. Simmons and Charles Simmons, to Hansford; that Snyder alone made to J. H. Simmons the note sued on, and that the note had been conveyed to Hansford by said deed of trust. The objection to the declaration is, that it avers non-payment to J. H. Simmons and Hansford, but not to Charles Simmons. The declaration does not hint of any interest or connection of Charles Simmons with the note. He may have transferred something else by the the deed of trust, but had no interest in the note, so far as appears.

The affidavit: The defect alleged is that it does not show of what county the notary is a notary. Its caption after the title of the suit is, "State of West Virginia, Tucker county, to wit." We will presume from this that the notary was a notary of Tucker county and administered the oath in that county. *Quesenberry* v. *People's B. & L. Ass'n.*, 44 W. Va. 512. See *Kesler* v. *Lapham*, 46 *Id.* 294; *Carpenter* v. *Dexter*, 8 Wall. 513.

Objection is also made to the substance of the affidavit; but it plainly answers the demand of the statute.

It is even said that Simmons must make the affidavit, and that the trustee could not do so for want of personal knowledge. This is highly technical. Hansford was assignee of the note, and would likely inquire and be conversant with the facts concerning it. Should the court have entered judgment? . Which the sounder line of thought?

1. Though the clerk should not at the second rules have received the plea, because not accompanied by a counter affidavit of the defendant, yet he did so, and there was in fact no entry of a common order confirmed, and therefore the court in term ought to have accepted the plea and affidavit, and not entered judgment final for plaintiff as there was no office judgment to prevent a plea.

2. The plea without affidavit filed at rules was a nullity, because Code, chapter 125, section 46, prohibits, prohibits I say, any plea without affidavit to meet the plaintiff's affidavit, and the clerk should not have filed it, and the court at a subsequent term ought to have treated the case as if no plea had been filed at rules, but as if judgment had been in fact entered at rules.

We think the second proposition the sounder one. The Code in section 46 gives a plaintiff filing the affidavit required by it a judgment by default in an action of debt, unless his right proven by his affidavit shall be repelled by an affidavit by the defendant. The law prohibits the defendant from contesting the merits to which the plaintiff's affidavit relates, unless the defendant purges his conscience by a counter affidavit: The statute writes this judgment in the rule book, so to speak. The statute gives it. The clerk's admitting the plea, and omitting to enter a judgment was fruitless to prevent such judgment. In *Anderson*

v. *Doolittle*, 38 W. Va. 629, and *Bradley* v. *Long*, 57 *Id.*
599, the clerk, in an action of debt, improperly entered an
order for an inquiry of damages, which, if valid, would pre-
vent an office judgement; but we held that such order for in-
quiry of damages was void and ineffectual to prevent an office
judgment. So, we hold as void the act of the clerk in
receiving the plea and in omitting to enter judgment in the
office. That the law enters the office judgment was held un-
der the statute as it was in the Code of 1860, which declared
that office judgment should be final on the last or fifteenth
day of the term, in *Enders* v. *Burch*, 15 Grat. 64, and *Alder-
son* v. *Gwinn*, 3 W. Va. 259. This quality or character of
finality has been given such office judgment under the West
Virginia Code, if the plaintiff files such affidavit. *Hunter* v.
*Snyder*, 11 W. Va. 198; *Marstiller* v. *Ward*, 52 *Id.* 74, as al-
so by the two cases cited above. *James Sons & Co.* v. *Gott
& Ball*, 55 W. Va. 223, does not hold against the finality of
such a judgment and does not allow a plea after the first
term, because there was agreement to continue in that case.
That is given as the reason of the decision. Under these
views the action of the court in setting aside or correcting
the proceedings at rules is immaterial. Nor is it material
that this was done, not at the next term. Therefore, the
Code provision that the court may correct proceedings at
rules at the next term is not involved, because under princi-
ples of cases above the action of the clerk in filing pleas and
failing to enter judgment at rules is void and to be "disre-
garded," as held in the *Anderson Case* and *Bradley Case*
above cited. The clerk could not dispense with an affidavit by
the defendant, or deprive the plaintiff of the judgment given
him by law. The clerk's action was void because the statute
forbids a plea without affidavit and commands him to write
an office judgment. The statute is mandatory. The suitor's
right is involved, and as the statute *prohibits* a plea without
affidavit, the suitor has right to such judgment. It is not a
matter of discretion with the clerk. Cases are cited to say
that there is no judgment by default when there is appear-
ance; but suppose the appearance is in a mode prohibited by
the letter and spirit of the statute? *Grigg* v. *Dalsheimer*,
on a similar statute, so holds, 88 Va. 508.

Judgment affirmed.

*Affirmed.*