QUINTERO ET AL., PLAINTIFFS AND APPELLANTS, *v.* MORALES,
DEFENDANT AND RESPONDENT.

APPEAL from an order of the District Court of San Juan, Section 1, approving a memorandum of costs in an action for the recovery of property and its profits.

No. 1111.—Decided April 23, 1914.

COSTS—DEFECTIVE AFFIDAVIT—APPEAL.—The failure of the notary to certify in an affidavit to a memorandum of costs that the affiant was known to him personally or to state clearly that the person before whom the oath was made was a notary public, are defects which cannot be pleaded for the first time on appeal if not alleged in the lower court.

ID.—EXCESSIVE FEES—APPEAL—TRANSCRIPT OF RECORD.—A transcript of record which contains only the memorandum of costs and attorney's fees, the bill of objections, the decision of the court, the notice of appeal and the motion for the approval of the memorandum of costs, none of which documents shows the amount involved in the litigation, the number and importance of the questions raised, the study necessary and the time employed by the attorney for the party claiming the attorney's fees, etc., is insufficient to enable this court to decide whether the fees approved by the trial court are or are not excessive.

The facts are stated in the opinion.

*Messrs. Ramón Falcón* and *Luis Freyre Barbosa* for the appellants

*Messrs. Savage & Francis* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order approving a memorandum of costs and attorney's fees. The transcript of the record is composed of the following documents: The memorandum of costs, the bill of objections, the decision of the court and the notice of appeal. Subsequently, at the instance of the respondent, a certified copy of the motion of the defendant-respondent for the approval of the memorandum of costs, service of which had been made on the plaintiff-appellants, was added to the record.

In their brief the appellants contend that the memorandum of costs should not have been approved:

1. Because the affidavit appearing at the foot thereof is not in conformity with the law, "in that, although after the

signature of Mr. Savage, one of the attorneys for the defendant, there appears the signature of 'Hugh R. Francis,' the other attorney for the defendant, the capacity in which the latter signed is not stated, for while there is attached an internal-revenue stamp canceled by another stamp in ink, only the name, 'Hugh R. Francis,' appears, nor does the jurat attest that the person who made the affidavit was known personally.''

2. Because the fees allowed are excessive.

In the bill of objections filed in the district court the appellants only objected to the amount claimed as fees on the ground that it was excessive. They raised no question regarding the defects which they attribute to the affidavit. Such defects have been alleged for the first time in this court, which being the case and as they are not fundamental errors which would annul the memorandum of costs absolutely, it must be considered that the plaintiff-appellants waived said defects and are estopped from pleading them now in this appeal and before this court.

''Errors which have not been alleged either in the trial court or in the pleadings cannot be alleged for the first time on appeal.'' *Torres* v. *Lothrop, Luce & Co. et al.,* 16 P. R. R., 172 (syllabus); *Torres* v. *Lothrop,* 231 U. S., 171.

''An objection that the affidavit does not show that the officer was one authorized to take the affidavit will not be considered for the first time on appeal.'' *Snell* v. *Eckerson,* 8 Iowa, 284; 2 Cyc., 31, note 73, last citation.

''Where no objection was made by counsel to the absence or insufficiency of a notary's seal on a certificate of protest, the court refused to entertain the objection on appeal, on the theory that it had been waived.'' *Donegan* v. *Wood,* 49 Ala., 242; 20 Am. Rep., 275; 29 Cyc., 1097, note 75, last citation.

The party adjudged to pay the costs having objected at the trial in the lower court that in the affidavit to the memorandum of costs the official who administered the oath failed to state that he was personally acquainted with the person who took the oath, the court granted leave to amend the affi-

davit. An appeal having been taken to this court, it was held that the district court was authorized to allow the amendment. *Belaval* v. *Fajardo Sugar Growers' Association*, 18 P. R. R., 449.

The averment by the appellants in their first assignment of error that Hugh R. Francis was "the other attorney for the defendant" is not borne out by the record, which shows that J. R. Savage was the attorney for the defendant in the lower court, and everything appears to indicate that Hugh R. Francis intervened in the lower court only in his character as a notary public to administer the affidavit which appears at the foot of the memorandum of costs.

Let us examine the second error. Perhaps the appellant is right; the amount included as attorney's fees may be really excessive, but the transcript of the record brought up to this court by the appellants is so deficient that we have no grounds upon which to decide the case according to the circumstances which may have attended the same. Service of the memorandum of costs having been made upon the plaintiff-appellants, they only objected to it on the ground that it was excessive, as we have said, alleging that the only service rendered by the defendant's attorney was to file certain demurrers and appear at the hearing thereof; that the hearing was not a difficult one because the plaintiffs did not appear, and that the demurrers were sustained and judgment was rendered in favor of the defendant.

A day having been set for the hearing on the objections to the memorandum of costs, the plaintiff-appellants did not appear. The court allowed the fees specified in the memorandum of costs and the party adjudged to pay the same appealed to this court, filing the transcript of the record which we have described above. The transcript of the record shows nothing regarding the nature of the action, the amount involved in the litigation, the number and importance of the questions raised, the study necessary for formulating the de-

murrers, the appearance of the defendant, the time employed by her attorney in preparing the case, etc., etc.

In the case of *Torres* v. *Irizarry,* 19 P. R. R., 341, this court laid down the following doctrine:

"Questions relating to costs, disbursements and attorney's fees are governed by the special statute upon the subject, and in deciding such questions the special provisions of the statute must be followed and not the general provisions of the Code of Civil Procedure, except such as are applicable to supply deficiencies in the special statute.

"The Act of March 12, 1908, concerning costs does not provide imperatively that the party entitled to costs, disbursements and attorney's fees is always bound to introduce evidence upon each and all of the items of the memorandum when there is objection thereto.

"A memorandum of costs which has been sworn to has in its favor the presumption that it is a true statement, and this court will not interfere with the action of the court below in approving a memorandum of costs unless it be shown that error has been committed." (Syllabi.)

Taking into consideration the facts shown in the record and applying the foregoing doctrine, the appeal should be dismissed and the order appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.