# CHARLESTON.

FIRST NATIONAL BANK OF MANNINGTON v. BANK OF MANN-
INGTON et al.

Submitted February 23, 1915.    Decided May 25, 1915.

1.  PLEADING—Declaration—Demurrer to Count—Effect.

Where a count in a declaration contains matter making a case
and also matter divisible therefrom upon which no recovery can be
had, a demurrer general to the count as a whole will not reach the
latter.   To reach it there must be a demurrer distinctly directed
thereto.   (p. 357).

2.  NEW TRIAL—Excessive Verdict—Motion to Set Aside.

An illegal excess in a verdict, plainly apparent from the record,
may be challenged by a motion to set aside the verdict as contrary
to law and the evidence, though no demurrer was taken to a bad
portion of a count, out of which such illegal excess grew, no objec-
tion was made to evidence admitted thereunder, and no instruction
was asked to disregard such evidence.   (p. 358).

3.  SAME.

Where, on a motion to set aside a verdict as contrary to law and
the evidence, it is plainly apparent from the record that the
verdict is illegally excessive in a particular amount, the court
should set aside the verdict, unless the successful party chooses to
enter a remittitur as to the illegal excess.   (p. 359).

4.  APPEAL AND ERROR—Excessive Judgment—Disposition of Cause.

· In the appellate court, a judgment will be reversed when the
record plainly shows that a particular amount for which no re-
covery can be had is embraced therein, and the action will be
remanded with directions to the trial court to allow the amount to
be remitted if the party in whose favor it is chooses so to do, upon
such remittitur to enter judgment on the verdict for the residue,
and if no remittitur is entered, to set aside the verdict and grant
a new trial.   (p. 359).

(MILLER and WILLIAMS, JUDGES, dissenting.)

Error to Circuit Court, Marion County.

Action in assumpsit on a negotiable note of the First
National Bank of Mannington against the Bank of Manning-
ton and others.   Judgment for plaintiff, and the defendant
named brings error.

Reversed and remanded with directions.
76 W. Va.

*L. S. Schwenck, M. M. Neely*, and *John A. Howard,* for plaintiff in error.

*Harry Shaw,* for defendant in error.

ROBINSON, PRESIDENT:

This is an action in assumpsit on a $5,000 negotiable note made by Bartlett to Hendrickson, endorsed by the payee to Bank of Mannington, and by the latter to plaintiff, the First National Bank of Mannington. The note was duly protested, and the action is one jointly against the maker and endorsers. Plaintiff has recovered a judgment against defendants for the amount of the note, interest, protest charges, and the cost of collection. Defendant Bank of Mannington alone prosecutes error.

Some of the points raised are so plainly unsubstantial as to demand no comment. A case like this may be disposed of most properly by looking to it in practical light. It is quite clear that defendants are liable to plaintiff on the note and that the action is a meritorious one. The proceedings in the case involve no error except in one particular, the entering of judgment on a plainly excessive verdict.

The orignal declaration contained only the common counts. When the case first came to trial, plaintiff saw fit to amend its declaration, and leave was given it to do so. Defendant Bank of Mannington obtained a continuance. At a later term, plaintiff filed an amended declaration, one containing the common counts and also a special count directly pleading liability on the note. A demurrer to this special count was overruled. It is said that this was error. But we find the count good as a whole. It sufficiently states a cause of action for recovery of the principal sum named in the note, together with interest and protest charges. True, the count also seeks, by reason of a stipulation in the note, additional recovery of an attorney fee, or the cost of collection. We have held that the law does not warrant recovery on this score. *Raleigh County Bank* v. *Poteet,* 74 W. Va. 511, 82 S. E. 332. But a general demurrer to the count can not reach this insufficient phase of the pleading, since a good cause of action is stated therein. The count is good, though it contains matter not good. It

makes a case for the recovery of the principal, interest, and protest fees. It is not good wherein it seeks recovery of an attorney fee, or the cost of collection. This latter matter is distinct and divisible from the other. Where a count in a declaration contains matter making a case and also matter divisible therefrom upon which no recovery can be had, a demurrer general to the count as a whole will not reach the latter. . To reach it there must be a demurrer distinctly directed thereto. *Robrecht* v. *Marling,* 29 W. Va. 765.

Defendants offered no evidence. Their motion to exclude all of plaintiff's evidence was properly overruled. The evidence proved liability on the note. By no means should all of plaintiff's evidence have been excluded. The evidence in relation to an attorney fee, or the cost of collection, should not have been admitted, but no motion to exclude was specially directed thereto. Indeed no initial objection to the admissibility of such evidence was specifically made and saved.

The motion to set aside the verdict on the ground that the same was contrary to law and the evidence, was well taken. While upon the evidence there ought to have been a verdict for plaintiff, still the verdict found is illegally excessive. Under the law no verdict greater in amount than the principal of the note, with interest and protest charges, could be sustained. The verdict returned·included an excess of $263.16 over these, for the cost of collection. This excess is unquestionably illegal, under our holding in *Raleigh County Bank* v. *Poteet, supra.* Plaintiff says, however, that the evidence supporting the inclusion of this attorney fee was allowed to go in without objection, that defendant did not make the admission of this evidence ground for a new trial, and has therefore waived the error in admitting the same. But the motion ·to set aside the verdict ·as contrary to law and the evidence challenged the legality of the amount of the verdict. The record plainly disclosed that the verdict was illegally excessive. We have observed how this illegal excess in the verdict grew out of bad matter in a count in the declaration. True, defendants did not demur thereto, did not specifically move to exclude the evidence introduced under it, nor ask an instruction that the evidence so introduced be disregarded. But, though defendants took none of these courses, their

motion to set aside the verdict avails in the premises—reaches
the illegality.  Point 3 of the syllabus in *Robrecht* v. *Marling,*
*supra,* is here applicable: "If no demurrer be taken to such
bad portion of the count, the defendant may object to any
evidence as to such matter, or he may move to exclude such
evidence, or he may ask an instruction to the jury to dis-
regard such evidence.  If he takes neither of such courses,
and there should be a general verdict against him, he may
move to set aside the verdict; and, if it clearly appear to
the court, that the verdict was made excessive by the admis-
sion of such illegal evidence, the court should set aside the
verdict and grant a new trial; and, if the evidence or facts
are certified on writ of error, and the verdict clearly appears
to the appellate court to be excessive because of the admission
of such illegal evidence, said court will disregard such evi-
dence, reverse the judgment and set aside the verdict."

The evidence in this case shows definitely the amount of
a verdict that the law would sanction.  Yet the verdict re-
turned was $263.16 more than that.  On the motion to set
aside the verdict, what should the trial court have done?  It
was called thereby to observe that the verdict was greater
than the law warranted.  Properly, it could do nothing but
set aside the same because of the illegality appearing on it,
unless a remittitur of the excess was entered by plaintiff.
There was definite data in the evidence upon which such
excess was ascertainable.  Though the court could not force
a remittitur of this excess, its duty was to set aside the ver-
dict in case plaintiff did not see fit to remit the illegal part.
11 Enc. Digest, Va. & W. Va. Rep. 862.  In view of all this,
the entering of judgment on the verdict as a whole was error.

The judgment being illegally excessive, we must reverse it.
Though only one of the defendants has complained on appeal,
yet the judgment being joint and all of the defendants stand-
ing on the same ground as to it, it must fall as to all.  We
shall not, however, set aside the verdict, since plaintiff may
desire voluntarily to remit the excess.  The appellate practice
in such instance is well defined.  11 Enc. Digest, Va. & W.
Va. Rep. 863.  The judgment will be reversed and the action
remanded with directions to the trial court to allow the
amount of the illegal excess to be remitted if plaintiff chooses

so to do, otherwise to set aside the verdict and grant a new trial.    Should plaintiff voluntarily remit the excess of the verdict over the amount legally recoverable, let the court below enter judgment for the residue.

*Reversed and remanded with directions.*

Miller, Judge, *(dissenting)*:

I dissent from the majority opinion in this case, in so far as it denies plaintiff right of recovery for a reasonable attorney's fee, provided for in the note sued on.    I am compelled to adhere to the views expressed in my dissenting note in *Raleigh County Bank* v. *Poteet*, 74 W. Va. 511, 82 S. E. 332. And I am authorized to say that Judge Williams concurs with me herein.