# CHARLESTON.

FIRST NATIONAL BANK OF PINEVILLE v. JOHN A. SANDERS *et al.*

SAME v. LEOLA V. SANDERS *et al.*

SAME v. R. L. COOK, *Admr. et al.*

SAME v. ULVERT O. SANDERS *et al.*

SAME v. H. W. SANDERS *et al.*

Submitted February 29, 1916. Decided March 7, 1916.

1. ABATEMENT AND REVIVAL—*Grounds—Variance Between Summons and Declaration.*

   Variance between the writ and the declaration can be taken advantage of only by plea in abatement. (p. 717).

2. PLEADING—*Objection—Demurrer—Sufficiency.*

   Where a declaration avers matters constituting a good cause of action, and others divisible therefrom not constituting such cause, a general demurrer will not reach the defect. The demurrer, to be effective, must distinctly be directed to the objectionable allegations. (p. 718).

3. JUDGMENT—*Office Judgment—Affidavit—Sufficiency.*

   An affidavit filed by plaintiff under §46, ch. 125, Code, is not defective as a whole because, in addition to a sum certain demanded therein, it contains specific and divisible items not recoverable as matter of law. In the absence of a timely plea and affidavit by defendant, where no enquiry of damages is necessary, the court, in entering judgment for plaintiff, should exclude the erroneous items. (p. 719).

4. SAME—*Office Judgment—Writ of Enquiry for Damages—Confirmation of Judgment.*

   In an action of debt on a promissory note, an enquiry of damages is unnecessary; and the award of such writ at rules is void, and should be ignored by the court in confirming an office judgment not set aside pursuant to the provisions of §46, ch. 125, Code. (p. 719).

5. APPEAL AND ERROR—*Bills and Notes—Collection Charges—Correction of Judgment.*

   Stipulations in a negotiable note for payment of a certain percentage of the principal and the statutory attorney fee as collection charges, are invalid and unenforceable. The inclusion of such charges in a recovery by plaintiff is erroneous, but correctible in the appellate court. (p. 719).

6. SAME—*Presentation Below—Excessive Recovery.*

    A judgment entered on a verdict rendered on a demurrer to evidence is not reviewable on writ of error, on the ground of excessive damages, where no motion for a new trial or to correct the judgment was made in the trial court.   (p. 719).

    (MILLER, JUDGE, dissents to point 5 of Syllabus.)

Error to Circuit Court, Wyoming County.

Actions by First National Bank of Pineville against John A. Sanders and others, against Leola V. Sanders and others, against R. L. Cook and others, against Ulvert O. Sanders and others, and against H. W. Sanders and others.   Judgments for plaintiff, and defendants bring error.

*Modified and Affirmed.*

*A. M. Belcher, John Kee, J. Albert Toler* and *James H. Gilmore,* for plaintiffs in error.

*R. F. Dunlap,* for defendant in error.

LYNCH, JUDGE:

These actions were brought by the First National Bank of Pineville to recover the amounts of notes severally payable to each of the defendants above named and endorsed by the defendants who are not so named, against each of whom judgments were rendered; and they have brought all the cases here for review on writ of error.   They assign as erroneous rulings refusing to sustain their motions severally made to "quash" the declarations after craving oyer of the writs, and their demurrers to the declarations; to strike from the file the affidavit of plaintiff filed pursuant to §45, ch. 125, Code; to submit the matters in difference to trial by jury; and the allowance of ten per cent of the amounts sued for as the collection fees specified in the notes.   To each of these rulings defendants excepted, and thereafter declined to participate further in the subsequent proceedings had therein (except in the case against Cook and others), when the court confirmed the office judgments and fixed the amounts of plaintiff's recoveries in accordance with its affidavits, which included the collection fees.

By their motions to quash, defendants presumably meant to raise the question of a variance between the writs and the

declarations, though no grounds are assigned therefor and none is perceivable, unless it be that although the writs notified defendants plaintiff would claim damages in one amount some of the declarations demanded a different sum. If so, they failed to resort to the proper procedure to secure relief from the effect of the lack of conformity with the writ in that particular. The question of such variance can be raised only by plea in abatement. Code, ch. 125, §15; *Anderson* v. *Lewis*, 64 W. Va. 297.

Otherwise, the declarations are in due form and free from objection, as is also each of the affidavits therewith filed showing the amounts due plaintiff; and there is no perceivable ground for challenging the sufficiency of either or any of the declarations or of the affidavits, all of which are alike except as to the dates and amounts of the notes in suit and the names of the makers, payees and endorsers thereof, unless it be that all aver and claim the benefit of the prescribed collection fees. But if a declaration avers matters constituting a cause of action upon which recovery may be had, and others divisible therefrom not constituting such cause, a general demurrer will not reach that defect. To accomplish that result a demurrer must distinctly be directed to the objectionable averments. *Bank* v. *Bank*, 85 S. E. 541. This rule was disregarded in each of these cases.

In form the affidavits concisely stated the facts and amounts required by §46, ch. 125, Code, and indeed furnish the most definite information of the inclusion in the judgments of the amounts of the collection fees. But they can not be condemned *in toto* merely because they purport to specify these fees as parts of the recoverable amounts claimed by plaintiff. Although the section cited provides for rendition of judgment for the amount stated in an affidavit filed as therein permitted in the case of a judgment by default, yet if the affidavit obviously includes specific items plainly not allowable the judgment may and ought to exclude them, notwithstanding the imperative terms of the statute. It was not intended to require entry of a judgment for an amount not recoverable, although vouched for as correct by the affidavit thereby prescribed.

Nor did the action of the clerk in awarding a writ of enquiry on the second rule day, instead of merely confirming the common order, render erroneous the judgments entered for plaintiff. When unnecessary, as in these cases, a writ of enquiry for damages, so awarded, is void, and the court should ignore it and render that judgment which the merits of the case require. *Anderson* v. *Doolittle,* 38 W. Va. 629; *Bradley* v. *Long,* 57 W. Va. 599; *Hansford* v. *Snyder,* 63 W. Va. 201. For this and other reasons, there is not any merit in the motions of defendants, made in all the actions except that against Cook and others, for a jury trial. Clearly, they were not in a situation to demand it. They had not tendered, and in the absence of a counter affidavit could not and did not tender, issuable pleas in any of these actions. Moreover, §46, ch. 125, Code, requires judgment by the court without a jury, except where a writ of enquiry is necessary.

The only other assignment of error affects the judgments only to the extent of the fees specified in the notes and demanded by the declarations and affidavits. The inclusion of these fees, according to *Bank* v. *Bank, supra,* and *Bank* v. *Poteet,* 74 W. Va. 511, 54 L. R. A. (N. S.) 928, was erroneous, and will be corrected here by corresponding reduction made in each case as follows: *Bank* v. *John A. Sanders and others,* from $1110.67 to $1010.67; *Bank* v. *Leola V. Sanders and others,* from $3365.20 to $3335.20; *Bank* v. *Ulvert O. Sanders,* from $3332 to $3032; *Bank* v. *H. W. Sanders and others,* from $3554.13 to $3234.13; with interest on the reduced amounts from the date of the judgments.

Defendants were permitted to file the general issue plea in the case of *Bank* v. *Cook and others,* doubtless because plaintiff did not support its right to recovery by an affidavit similar to those made in the other cases; and on that plea, on which issue was joined, the action was tried, resulting in a verdict for $1676.83 on demurrer to plaintiff's evidence, on which judgment was entered. No motion for a new trial, or for a correction of the amount found by the jury by eliminating the percentage fees for collection, doubtless included therein, was made. Are Cook and his co-defendants now entitled to have the verdict and judgment reduced, in view of their failure to make such motions in the trial court?

· Our decisions answer that question against the propriety of that reduction. Although this court will on writ of error review a judgment entered on a conditional verdict rendered on a demurrer to evidence where no motion for a new trial was made in the lower court, it will not, in the absence of such motion, review and revise the judgment upon the ground of excessive damages. *Riddle* v. *Core*, 21 W. Va. 530; *Proudfoot* v. *Clevenger*, 33 W. Va. 267. Nor where the damages assessed are too small. *Telegraph Co.* v. *Paper Co.*, 87 Va. 418.

Hence, the judgment against Cook and others must be affirmed, with costs to the bank; but the judgments in all the other cases will be modified and corrected as heretofore indicated, and, as so corrected, affirmed, with costs to plaintiffs in error.

*Modified and Affirmed.*