SECURITIES INVESTMENT CORPORATION, APPELLANT, V. INDIANA TRUCK CORPORATION, APPELLEE.

FILED MAY 14, 1935. No. 29269.

32

*Francis P. Matthews* and *William P. Kelley*, for appellant.

*H. E. Kuppinger, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and REDICK, District Judge.

GOSS, C. J.

This is an action for the conversion of a truck. After trial on a stipulation of facts, the court entered judgment for defendant, dismissing the action of plaintiff with prejudice. Plaintiff appealed.

Though the facts were all stipulated, the parties reserved the right to make legal objection to the admission in evidence of some of the facts.

The plaintiff, a Nebraska corporation with its principal place of business in Omaha, was engaged in the business of purchasing notes, mortgages and other securities given to retail dealers .in connection with the retail sale of automobiles and trucks. The Indiana Truck Corporation was manufacturer of trucks, of Marion, Indiana. Reece Sales Company was a trade-name used by J. H. Reece of Ft. Dodge, Webster county, Iowa, a retail dealer in automo-

biles and trucks.   David Long, a resident of Greene county, Iowa, was engaged in farming.

June 24, 1929, Indiana Truck Corporation sold a particular 1929 Indiana truck to Reece under a conditional sales contract, which was recorded in Webster county, Iowa, July 19, 1929.   Under the contract the seller retained title until the purchaser should pay the $1,113.03 balance of the purchase price, due September 24, 1929.   The registry laws of Iowa required the instrument to be acknowledged by the purchaser.   The certificate of acknowledgment was in the following form:

"State of Iowa, County of Webster, ss:   On this 5th day of July, 1929, before me personally appeared J. H. Reece, trading as Reece Sales Company, to me known to be the person described in, and who executed the within and foregoing instrument and acknowledged that he executed the same as his free act and deed.

"In testimony whereof, I have hereunto set my notarial seal at Ft. Dodge, Iowa, the day and year last above written.

"Notarial seal.                                         W. F. Rich,
"My term will expire July 4, 1930.         Notary Public."

The parties expressly stipulated "That said instrument was acknowledged July 5, 1929, at Ft. Dodge, in Webster county, Iowa, before W. F. Rich, a duly appointed, qualified and acting notary public in and for Webster county, Iowa; that said W. F. Rich imprinted his notarial seal to said acknowledgment which imprint bears his name with the words 'Notary Public, Iowa.' "

The foregoing certificate of acknowledgment furnishes the main controversy, plaintiff claiming that it was defective and did not give to the recorded contract the quality of imparting to subsequent purchasers constructive notice that the title to the truck was in Indiana Truck Corporation.   The stipulation reserved to plaintiff the right to object to the sufficiency of the certificate of acknowledgment, which it did on the trial.   The court overruled the objection and admitted the contract in evidence.

Subject to objections, it was stipulated that David Long, if present, would testify that he purchased the truck in question from Reece Sales Company on or about November 26, 1929, without actual knowledge or notice of the existence of the conditional sales contract and without making any search of the records of Webster county, Iowa. Long paid some cash, turned in a truck in the trade and gave a note for $1,257.51, secured by a chattel mortgage, for the balance of the purchase price of the truck.

On November 27, 1929, Reece Sales Company duly sold said note and mortgage to plaintiff for $1,100 and evidenced the sale by proper indorsements and assignments. The mortgage was filed for record in Greene county, Iowa, on December 7, 1929. Plaintiff had no actual notice or knowledge of the existence of the conditional sales contract, made no investigation of the records of Webster county, Iowa, and the note and chattel mortgage were sold and delivered to plaintiff without the knowledge, authority, notice or consent of the defendant.

Indiana Truck Corporation demanded possession of the truck from Long and on December 18, 1929, he surrendered it to defendant without knowledge or consent of plaintiff. Before suit plaintiff demanded of defendant possession of the truck and the demand was refused. On December 18, 1929, the truck was worth $1,075.

The transactions took place in Iowa. The Iowa laws were duly pleaded and were stipulated in evidence. In these circumstances the Iowa law rules the decision here.

Section 10101 of the Iowa Code requires the person taking the acknowledgment to indorse upon such instrument a certificate setting forth "the title of the person before whom the acknowledgment was taken."

Plaintiff cites the leading case of *Willard v. Cramer* (1872) 36 Ia. 22, which holds that the recording of an instrument having a defective acknowledgment does not impart constructive notice, and that the requirement of the statute that the title of the officer be set out in the certificate is not satisfied by setting it out in the seal, because the

seal is no part of the certificate. It is to be noted that the certificate there failed to give the county, for the court said: "The certificate to the instrument in question, in omitting to give the county, utterly fails to comply with this requirement." The supreme court of Iowa in other cases followed the principle laid down in *Willard v. Cramer, supra.* They developed the rule, for example, that even the caption, "State of Iowa, County of Marion, ss," would not cure the defect unless there was some reference in the certificate itself to "said county." *Reeves & Co. v. Columbia Savings Bank,* 166 Ia. 411. Iowa cases cited down to 1929 continue to follow the same rule. Such is the situation here, as reference to the entire certificate, including the caption and seal, will show. Under the Iowa statutes and decisions, prior to the amendment hereinafter referred to, the acknowledgment here was too defective to impart constructive notice of the recording of the instrument.

Evidently to cure the effect on property rights of the strict interpretation of the acknowledgment statutes by the court, the legislature of Iowa, at its extra session in 1928, undertook to provide a remedy by the passage of the act, approved March 12, 1928, found in chapter 6, page 12, Extra Session. The following shows the law as it existed in section 10103 of the 1927 Code, the section as it then existed appearing in plain print, and the section as it was amended in 1928, the amending words being those italicized:

"10103. Forms of acknowledgment. The following forms of acknowledgment shall be sufficient in the cases to which they are respectively applicable. In each case where one of these forms is used, the name of the state and county where the acknowledgment is taken shall precede the *body of the* certificate, and the signature and official title of the officer shall follow it as indicated in the first form *and shall constitute a part of the certificate,* and the seal of the officer shall be attached when necessary under the provision of this chapter. *No certificate of acknowledg-*

*ment shall be held to be defective on account of the failure to show the official title of the officer making the certificate if such title appears either in the body of such certificate or in connection therewith, or with the signature thereto."*

Neither diligence of counsel nor our own search through the indexes has disclosed any case in which the Iowa court has passed upon the section as amended. So this case apparently must be one of first impression on the point. It will have to be determined in the light of the legal history of the original section, which we already have sufficiently sketched, of the remedy the legislature of Iowa sought by the amendment, and of the application of recognized legal principles to the language used by the legislature in the act.

It may fairly be assumed in the argument that the legislature felt that the interpretation of the existing law, though dictated by the wording thereof and compelled by legal logic, often wrought a real injustice; and that the legislature sought a remedy, by amending the section, that would relax the strict rule that had theretofore bound the courts in their interpretation. The purpose to require everything to be considered from the venue to the end of the part of the instrument executed by the officer, including the impression of his seal and the words therein, was undoubtedly accomplished. The question is whether the whole certificate can be interpreted as satisfying section 10094 of the 1927 Iowa Code which requires the certificate to show "the title of the court or person before whom the acknowledgment was made."

Black, Interpretation of Laws (2d ed.) 487, sec. 140, in discussing remedial statutes, says: "Remedial statutes are to be liberally construed with a view to effectuate the purposes of the legislature; and if there be any doubt or ambiguity, that construction should be adopted which will best advance the remedy provided and help to suppress the mischief against which it was aimed. It is 'an old and unshaken rule in the construction of statutes that the

intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression shall be deemed general,'" quoting from *Brown v. Pendergast,* 7 Allen (Mass.) 427.

On page 489, Black states: "It should be added that a law is equally entitled to be considered a remedial statute whether it remedies a defect of the common law or of the preexisting body of statute law."

At page 492, he further says: "Acts providing for the recording of conveyances, making such records constructive notice, and relieving subsequent purchasers and encumbrancers in good faith from the effect of unrecorded conveyances, are remedial and to be construed liberally."

It is very apparent that it was the intent of the legislature to enlarge the scope of what had formerly been very strictly held to be the "certificate" of the officer taking an acknowledgment and to include "everything in connection therewith, or with the signature thereto," as stated in the amending act. With this enlarged scope we get aid from' decisions of the Iowa supreme court made prior to the amendment.

In *Stoddard v. Sloan,* 65 Ia. 680, the notary signed as "C. B. Steadman, Notary Public." There was nothing in the body of the certificate to show that he was a notary public for Woodbury county where the certificate purported to be made, but the signature was attested by an impressed "seal." The court took judicial notice and assumed that it was the proper seal for a notary public of Iowa, and said: "Can we go further, and take notice that he was a notary public for Woodbury county? It appears to us that we can. His appointment for a particular county was necessarily involved in the appointment itself. The same public record which shows his appointment must show for what county he was appointed." The same rule was followed in *Rowland v. Brown,* 75 Ia. 679; *Black v. Minneapolis & St. L. R. Co.,* 122 Ia. 32; *Milligan v. Zeller,* (1924) 197 Ia. 79.

We conclude that the district court was right in admitting the conditional sales contract to be received in evidence, and in deciding that the acknowledgment made it eligible for record. Its record made it constructive notice to the plaintiff.

Plaintiff contends that it should recover on the ground that the truck was put in the stock of the retailer, Reece, and exposed for resale to the public, that Long was a good faith purchaser from the dealer without actual notice, and that defendant's rights must give way to those of plaintiff. We fail to find in the stipulation any facts showing that the truck was put in stock and exposed generally for resale to the public. It is just as inferable from the evidence that the truck was purchased with the specific intention of reselling it to Long. The evidence shows neither point except that it was sold to Long who did not examine the record to ascertain the seller's title, was by Long mortgaged, and the mortgage was purchased by the plaintiff, who likewise failed to examine the title. The cases cited on this point of resale of chattels are not applicable to the facts here.

The judgment of the district court is

AFFIRMED.